NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4226
_____

UNITED STATES OF AMERICA

v.

MATTHEW FOX,

Appellant

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 1-06-cr-00151-001)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2010
_____

Before:  MCKEE, Chief Judge, AMBRO and CHAGARES, Circuit Judges

(Opinion filed: October 15, 2010)
_____

OPINION
_____

AMBRO, Circuit Judge

Matthew Fox was charged with one count of conspiracy to defraud the United

States, in violation of 18 U.S.C. § 371, and five counts of attempted evasion of income

taxes for the years 1998-2002, in violation of 18 U.S.C. § 7201.  In July 2007, a jury

convicted Fox on each of five tax evasion charges but acquitted him on the conspiracy charge. Fox was sentenced to 18 months of incarceration on each count of tax evasion, to be served consecutively, followed by three years of supervised release. Fox made a motion for acquittal notwithstanding the jury verdict pursuant to Fed. R. Crim. P. 29(c) and, alternately, for a new trial on the tax evasion charges pursuant to Fed. R. Crim. P. 33(a). After a hearing, the District Court denied Fox's motions. He filed a timely appeal. We affirm the District Court's denial of Fox's motions.

## I. Background

Because we write solely for the parties, we recite only those facts necessary to our decision. Fox worked at Bare Exposure, an exotic club, in Atlantic City, New Jersey, beginning as a bouncer in 1997. He became a manager in 1998, and was promoted to general manager in 2001. The Government was unable to determine the amount of compensation Fox earned from his employment at Bare Exposure, in part because managers receive cash tips. Therefore, the IRS calculated Fox's tax deficiencies during the 1998-2002 period using the expenditures method of proof, which measures spending that exceeds reported income. The IRS calculated that Fox's taxable income for the 1998-2002 period was over $482,000, resulting in $123,959 in tax due. For that period, Fox paid only $13,494 in federal income taxes.

At trial, the Government presented evidence of Fox's net worth at the beginning of the period in question, his expenditures throughout that period, and its investigation into Fox's claimed sources of non-taxable income. Fox did not dispute the expenditures he

2

made during the 1998-2002 period, but he disputed his sources of income for the expenditures at issue. He claimed he had a "cash hoard" and also received money from his wife during this period. The Government refuted that testimony. The jury credited the Government's evidence over Fox's testimony and, as noted, convicted Fox on all five tax evasion charges.

## II. Standard of Review

We review a district court's denial of a Rule 29 motion for a judgment of acquittal *de novo*. *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009). "We apply a 'particularly deferential' standard of review to a challenge to the sufficiency of evidence supporting a jury verdict." *United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002) (internal citation omitted). If "'any rational juror' could have found the challenged elements beyond a reasonable doubt, viewing the evidence in the manner that is most favorable to the government, neither reweighing the evidence, nor making an independent determination as to witnesses' credibility," we sustain the jury's verdict. *Id.*

We review a District Court's denial of a Rule 33 motion for abuse of discretion. *United States v. Jasin*, 280 F.3d 355, 360 (3d Cir. 2002). The District Court correctly stated that a new trial is "a remedy . . . available in exceptional cases where an injustice would occur if the court failed to act." App. at 18 (citing *United States v. Lebovitz*, 586 F. Supp. 265, 267 (W.D. Pa.), *aff'd*, 746 F.2d 1468 (3d Cir. 1984)).

## III. Discussion

Fox claims that the Government did not provide sufficient evidence to establish his tax deficiencies. We agree with the District Court that the Government met its burden of proof. The Court explained that the Government must provide "evidence that establishes the Defendant's opening net worth with reasonable certainty." App. at 37. To meet that standard, the Government was required to "investigate what money and assets were available to Defendant on January 1, 1998." *Id.* at 37. However, "[w]hatever funds Defendant allegedly received prior to 1998 were only relevant to opening net worth if they were still available to Defendant at the beginning of 1998." *Id.* at 38.

We agree with the District Court that "the jury could reasonably find that the Government performed an adequate investigation" of Fox's opening net worth and that "his finances and his financial behavior were highly inconsistent with someone who had preserved a cash hoard . . . in years prior to 1998." *Id.* at 39. As the Court noted, the existence of a significant cash hoard *during* the charged years, *but not prior* to the opening date of January 1, 1998, indicates that Fox received significant sums of money during, but not before, those years. *Id.* at 40. Indeed, that is what the Government contended in this case.

The District Court explained that the Government could choose to prove unreported income circumstantially either by (1) negating all possible non-taxable sources of income or (2) showing a likely source of unreported income. *Id.* at 50. If the Government chooses the first method, there is no further obligation to prove a likely source of taxable income. *See United States v. Goichman*, 547 F.2d 778, 781 (3d Cir.

4

1976).  We agree with the Court that the Government produced sufficient evidence such that the jury could find, beyond a reasonable doubt, that "all nontaxable sources of income of which it was made aware" were negated.  App. at 51.

Finally, Fox's motion for a new trial pursuant to Fed. R. Crim. P. 33(a) was properly denied by the District Court.  Contrary to Fox's claims, the jury's verdicts were not inconsistent, and neither the prosecutor's remarks nor the Court's questions to witnesses were improper.